No. 13,134.

STATE OF LOUISIANA VS. JENNIE AND CARL ACKERMAN.

SYLLABUS.

1. Act No. 94 of 1896 does not embrace more than one object, within the meaning of Article 29 of the Constitution of 1879.

2. An information will not be held insufficient for omitting to state the time at which the offence was committed, or for stating a time impossible, when time is not of the essence of the offence; nor, in such case, for omitting to state the time of the doing of anantecedent act upon which the offence is made to depend; nor, for omitting to state the place of the doing of such antecedent act where proof as to the place is unnecessary.

3. But the fact of the doing of such antecedent act must be set forth, and where a reference to averments contained in a preceding count, is relied on for that purpose, such averments must be sufficient, and the reference must be so full and distinct as, in effect, to incorporate the matter going before with that in the count wherein it is made—otherwise, such count cannot be held to be good.

ON APPEAL from the Fifth Judicial District Court for the Parish of Ouachita. *Potts, J.*

*M. J. Cunningham,* Attorney General, and *J. P. Madison,* District Attorney, for the Plaintiff and Appellee.

*Stubbs & Russell,* for the Defendant and Appellant.

Argued and submitted April 22nd, 1899.
Opinion handed down May 15th, 1899.

The opinion of the court was delivered by

MONROE, J. This case is similar to that of State vs. Carl Ackerman, No. 13,135, this day decided—with the exceptions:

1st. That in this case the information was filed against Ackerman and his wife, whereas, in the other case it was filed against Ackerman

alone.   The wife was, however, acquitted and discharged and is not before this court.

2nd.   The charge in the first count here, is that the offense was committed on the 8th and 17th days of November and December, 1898, whereas in the other case the offence was alleged to have been committed on the —— day of December, 1898.

3rd.   The defendant, Carl Ackerman, was convicted and sentenced,. in the instant case, on both counts, whereas in the other case a motion in arrest of judgment was sustained as to the conviction on the second count.

The reasons given, in the case referred to—(State vs. Carl Ackerman, No. 13,135 of the docket of this court, this day decided— in so far as relates to the sufficiency of the charges as to time and place, and in so far as relates to the constitutionality of Act 94 of 1896, are equally applicable to those questions, as presented here, and are adopted as the reasons for the judgment, upon those questions, which is to be here rendered.

The only question remaining to be determined in this case is as to the sufficiency of the language used in the second count of the information—to which the following propositions, taken from the brief of the defendant's counsel, apply, to-wit:

"That each count in the bill is, in so far as its special averments and allegations are concerned, separate and distinct; and that all the averments in each count, except the caption and close, should be complete charges in themselves, containing every element of the crime. with the averments necessary to sustain each of them."   "We contended," say the counsel, "that each count, except as to the caption and closing, should be able to stand alone, else a defective count, having some element of a legal charge, though absolutely rejected, might be relied on to sustain a defect in another."

In order to consider this proposition intelligently it is necessary to reproduce the information, which reads as follows, to-wit:

"State of Louisiana vs. Jennie and Carl Ackerman.   No. 3,530. Information.   Filed January 21st, 1899.   State of Louisiana.   Parish of Ouachita.   Fifth District Court.   Now into court comes J. P. Madison, District Attorney for said district, on this the 21st day of January, 1899, and who prosecutes on this behalf in the name and by the authority of the State of Louisiana, and, with leave of the court first had and obtained, gives the court to understand and be·

informed that Carl Ackerman and Jennie Ackerman, late of said parish and State, and within the jurisdiction of said court, on the 8th and 17th days of November and December, 1898, did then and there wilfully and feloniously hypothecate, pledge and otherwise dispose of, out of the usual course of business, and with a wilful and felonious intent to cheat and defraud the creditor and seller, S. G. Dreyfous & Company, of Shreveport, Louisiana, bills of merchandise bought on credit from said company, consisting of hats, caps and sundry other dry goods and notions of the value of two hundred dollars ($200.00). That they did so cheat and defraud said company, said goods never having been paid for, contrary to the form of the statute of the, State of Louisiana, in such case made and provided, in contempt of the authority of the State of Louisiana and against the peace and dignity of the same.

"And the said Madison, in his capacity aforesaid, further presents that said Jennie and Carl Ackerman did then and there wilfully and feloniously secrete themselves and abscond from said State of Louisiana with the wilful and felonious intent and purpose of cheating and defrauding the seller and vendor of said goods, said S. G. Dreyfous & Company, contrary to the form of the Statute of the State of Louisiana, in such case made and provided, in contempt of the authority of the State of Louisiana and against the peace and dignity of the same."

"(Signed)                                        J. P. MADISON,
                              "Dist. Atty. 5th Dist. of La."

The rule upon the question presented is thus stated by Mr. Bishop:

"The orderly form is to put each count into one paragraph, having a separate commencement (not caption) and conclusion, the same as though it constituted, alone, the indictment. But in strict law, the question of paragraphs is immaterial, and the court will determine from the matter in the indictment, how much of it and what of it constitutes a count. In practice, the commencement is generally abbreviated, after the first count, to read: 'The jurors aforesaid, on their oaths aforesaid, do further present,' etc. * * * It has been laid down in broad terms that each count in an indictment must be sufficient in itself, and averments in one cannot aid defects in another. But——

*      *      *      *      *      *      *      *      *      *      *

"to some extent the pleader may avoid repetitions by referring from

one count to another, 'as,' says Chitty, 'to describe the defendant (or another person ) 'as the said,' etc. And, although the first count should be defective, or be rejected by the Grand Jury (or the defendant should be acquitted on it), this circumstance will not vitiate the residue. But if the other count refer to a writ or warrant improperly set forth in the first, the whole indictment will be invalid..

"The reference must be so full and distinct as, in effect, to incorporate the matter going before with that in the count wherein it is made. To illustrate: A first count charged an assault on 'Esther Ricketts, an infant above the age of ten and under the age of.twelve years, with intent to carnally know her,' the second charged a different form of attempt on 'the said Esther Ricketts.' Whereupon, this reference was held not to carry with it the allegation, in the first count, that Esther Ricketts was 'an infant above the age of ten and under the age of twelve years.' So, where a first count set out a larceny of goods of a stated value and the second a receiving of 'the goods aforesaid,' the averment of value was adjudged not to be incorporated in the second."

Bishop's New Crim. Pro., Vol. 1, 420-431.

Applying the legislation of this State, adopted with a view of simplifying criminal proceedings, this court has held, among other things, that it is not necessary that each count in an indictment should conclude with the formula—"Contrary to the form of the Statute," etc., but that it suffices if these words appear at the end of the bill, in which case they are held to apply to all of the counts.

Where, however, distinct offences are charged in, and conviction is asked upon, separate counts, we do not think that the latitude in pleading allowed under our law, would justify the omission from a count of any averment necessary to make out the charge of an offence, saving references such as are indicated in the excerpt given above. In the last case, in which it was held that the formula mentioned need not follow each count; (being the case of State vs. Wesley Thompson—not yet reported), the following language will be found in the opinion, to-wit:

"Each count in the bill states and charges unmistakably and with certainty the offence with which it deals. So that the accused was thoroughly and distinctly informed and advised why and to what extent he was in jeopardy." This language was not intended, it is true, to apply to the exact situation presented in the instant case, but it

is a fair statement of what a person charged with crime has a right to expect.

Reverting then to the immediate question before us. An analysis of the language of the second count in the information upon which the defendant was convicted fails to disclose anything which can reasonably be construed as an averment of the purchase by the defendant of goods on credit, or as an averment that the defendant absconded in order to cheat the seller out of the price of such goods. And without such averments no offence is charged. "An indictment under a statute ought, with certainty and precision, to charge the defendant with having committed or omitted, the acts under the circumstances and with the intent mentioned in the statute, if any one of the ingredients is missing the indictment is not good. State vs. Stiles, 5th Ann., 324; State vs. Read, 6 Ann., 227; State vs. Delerno, 11 Ann., 648; State vs. Johnson, 42 Ann., 559.

For these reasons it is ordered, adjudged and decreed that the judgment and sentence rendered and pronounced against Carl Ackerman, the defendant herein, upon the first count of the information filed against him, be affirmed; and it is further ordered, adjudged and decreed that the judgment and sentence rendered and pronounced against said Carl Ackerman upon the second count of said information be avoided, reversed, and annulled, and that said information as to said second count be quashed as insufficient in law to charge the offence of which the defendant was convicted.